UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA K.[1], <br><br>                    Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of Social Security, <br><br>                    Defendant. | Case No.: 22cv1484-LR <br><br> **ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412, AND COSTS PURSUANT TO 28 U.S.C. § 1920** <br><br> **[ECF No. 19]** |

On September 30, 2022, Plaintiff Gina K. filed a complaint against Defendant Martin O'Malley, Commissioner of the Social Security Administration, seeking judicial review of Defendant's decision to deny Plaintiff disability insurance benefits. (See Compl., ECF No. 1.) The parties filed a joint motion for judicial review of Defendant's decision to deny Plaintiff benefits on May 12, 2023. (See ECF No. 16.) The Court then issued an order remanding the matter for additional administrative proceedings. (See

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

1

ECF No. 17.)

Now pending before the Court is a joint motion to award Plaintiff attorney fees in the amount of $7,100 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and no costs under 28 U.S.C. § 1920 ("Joint Motion").  (<u>See</u> ECF No. 19 ("Joint Mot.").)  The parties also submitted supplemental briefing regarding specific billing information in this case.  (<u>See</u> ECF No. 21.)  The Joint Motion is a stipulation of a compromise settlement between the parties with respect to Plaintiff's request for attorney fees, and is unopposed.  (<u>See</u> Joint Mot. at 2.)  For the reasons stated below, the Court **GRANTS** the Joint Motion and awards Plaintiff attorney fees and expenses in the amount of $7,100.

## I.   DISCUSSION

### A.   <u>Applicable Law</u>

A litigant is entitled to attorney fees and costs under the EAJA if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable."  <u>Carbonell v. I.N.S.</u>, 429 F.3d 894, 898 (9th Cir. 2005); <u>see also</u> 28 U.S.C. § 2412(a), (d).  The Court addresses these elements in turn below.

### B.   <u>Prevailing Party</u>

A plaintiff is a prevailing party if he or she "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'"  <u>Ulugalu v. Berryhill</u>, Case No.: 3:17-cv-01087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302 (1993)).  Here, there is no doubt that Plaintiff is the prevailing party—she demonstrated that the administrative law judge committed legal error in evaluating her subjective symptom testimony and successfully moved to remand the instant matter to the Social Security Administration for further development of the record.  (<u>See</u> ECF No. 17 at 15-18.)

### C.   <u>Substantial Justification and Special Circumstances</u>

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially

1 justified under 28 U.S.C. 2412(d)(1)(A).  See Meier v. Colvin, 727 F.3d 867, 870 (9th
2 Cir. 2013).  The Supreme Court has held that a position may be substantially justified "if
3 it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 566 n. 2
4 (1988).  When determining whether the government's position was substantially justified,
5 the court considers "both the government's litigation position and the underlying agency
6 action giving rise to the civil action." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).
7 The government's position must be "as a whole, substantially justified." Gutierrez v.
8 Barnhart, 274 F.3d 1255, 1258-59 (9th Cir. 2001) (emphasis omitted).  "[D]istrict courts
9 should focus on whether the government's position on the particular issue on which the
10 claimant earned remand was substantially justified, not on whether the government's
11 ultimate disability determination was substantially justified." Hardisty v. Astrue, 592
12 F.3d 1072, 1078 (9th Cir. 2010) (citing Flores v. Shalala, 49 F.3d 562, 566 (9th Cir.
13 1990)).

Defendant has not carried the burden of demonstrating that the Government's position was substantially justified or that an award of attorney fees under the circumstances would be unjust.  See id.  Defendant effectively concedes that the Government's litigation position had no reasonable basis in law or fact, and that there are no special circumstances that would make the award of attorney fees here unjust. Accordingly, the Court finds no basis to deny the EAJA fee request pursuant to § 2412(d)(1)(A).

**D.     Whether the Amount Sought is Reasonable**

The EAJA provides that courts may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished."  28 U.S.C. § 2412(d)(2)(A).  Additionally, courts generally defer to the winning lawyer's professional judgment as to how much time was required to complete the litigation.  See, e.g., Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) ("'lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because 'the payoff is too uncertain.'  [ ]As a result, courts should generally defer to

1  the 'winning lawyer's professional judgment as to how much time he was required to
2  spend on the case.'") (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1112–13
3  (9th Cir. 2008)); see also id. at 1136 (explaining that "[m]any district courts have noted
4  that twenty to forty hours is the range most often requested and granted in social security
5  cases"); Krebs v. Berryhill, No. 16-cv-3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D.
6  Cal. June 21, 2018), 2018 WL 3064346, at *2 (finding that 21.7 hours billed by plaintiff's
7  counsel and 3.5 hours billed by a paralegal a reasonable number of hours).

8      Here, the parties have reached an agreement as to the amount of fees, and
9  presumably stipulate to their reasonableness.  (See Joint Mot. at 2.)  The Court concurs
10 with this stipulation.[2]  Per Plaintiff's retainer agreement attached to the parties' joint
11 motion, Plaintiff's counsel was entitled to receive up to twenty-five percent of Plaintiff's
12 past due benefits if the litigation was successful.  (See ECF No. 19-1.)  Additionally, the
13 joint motion stipulates to making the fees payable to Plaintiff to be assigned to her
14 attorney and addresses offsets allowed under the US Department of the Treasury's Offset
15 Program (Joint Mot. at 2) and that "Fees shall be made payable to [Plaintiff], but if the
16 Department of the Treasury determine that [Plaintiff] does not owe a federal debt, then
17 the government shall cause the payment of fees, expenses and costs to be made directly to
18 [Plaintiff's counsel], pursuant to the assignment executed by [Plaintiff]."  (Id.)  Given
19 that the parties have compromised to these additional terms, the Court concludes that
20 these terms are reasonable.
21 / / /
22 / / /
23 / / /
24 / / /

---

[2] The stipulated fee amount is also reasonable when compared with the itemized list of fees from Plaintiff's counsel, which notes 3.8 hours of billed paralegal time and 26.6 hours of billed attorney time, totaling $7,171.62.  (See ECF No. 21-1.)

## II.  CONCLUSION & ORDER

The Court concludes that Plaintiff is entitled to fees in this case and that the parties' requested fees and terms are reasonable.  The Court accordingly **GRANTS** the joint motion (ECF No. 19), and awards Plaintiff attorney fees and expenses in the amount of $7,100.

**IT IS SO ORDERED.**

Dated:  May 20, 2024

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge